United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Plaintiff,<br><br>v.<br><br>J.B. HUNT TRANSPORT, INC., et al.,<br><br>Defendants. | Case No. 25-cv-06309-EKL<br><br>**ORDER GRANTING J.B. HUNT TRANSPORT, INC.'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

The motion to dismiss is GRANTED because the parties agree that Plaintiff's cause of action for breach of contract is untenable. This ruling assumes the reader is familiar with the facts, applicable legal standard, and arguments made by the parties.

1. Defendant J.B. Hunt Transport, Inc. ("J.B. Hunt") moved to dismiss Plaintiff National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") first cause of action for breach of contract. Compl. at 10, ECF No. 2. As an insurer suing on behalf of its insured, National Union cannot sue for breach of contract because it was not a party to the agreement between its insured Meta Platforms, Inc. ("Meta") and J.B. Hunt – as National Union concedes. Opp. at 3, ECF No. 33. Thus, National Union cannot maintain suit for breach of contract.

2. Instead, as the parties agree, the correct cause of action is for equitable subrogation, which the complaint does not plead. *See* Compl. at 10. Nevertheless, National Union argues that J.B. Hunt's motion to dismiss should be denied because the facts alleged purportedly state a claim for equitable subrogation. Opp. at 3. However, "courts should not undertake to infer . . . one cause of action when a complaint clearly states a claim under a different cause of action[.]" *Bogovich v. Sandoval*, 189 F.3d 999, 1001 (9th Cir. 1999); *see also Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001) ("Pleadings need . . . to put the opposing party on notice of the claim.").

Instead, it is "appropriate to review [Plaintiff's] complaint as they plead it[.]" *Bogovich*, 189 F.3d at 1002. Here, that is a complaint for breach of contract, which is not viable.[1]

3. The Court grants leave to amend because this is its first ruling on the legal sufficiency of National Union's allegations. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (holding that the "court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts" (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995))). Although the Court grants leave to amend, it may dismiss National Union's claims with prejudice if the amended complaint fails to plausibly state a claim. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (holding that failure to correct pleading deficiencies after dismissal is a "strong indication" that further amendment would be futile (citation and quote marks omitted)); *see also Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." (citation omitted)).

4. The Court provides the following guidance if National Union decides to amend its complaint. National Union should consider whether it can plead facts sufficient to demonstrate that the $250,000 per shipment "maximum liability" cap in Attachment B to the Statement of Work does not preclude its recovery. Compl. ¶ 8, 5:26-28. National Union is incorrect that the fact that the liability maximum equals Meta's insurance deductible is immaterial simply because "money is fungible[.]" Opp. at 5. As an equitable subrogee, National Union is standing in the shoes of its insured meaning that it "cannot acquire by subrogation anything to which the insured has no rights[.]" *Am. States Ins. Co. v. Nat'l Fire Ins. Co. of Hartford*, 202 Cal. App. 4th 692, 704 (2011). Here, Meta has uncompensated loss due to the $250,000 per shipment insurance deductible under its policy with National Union. Compl. ¶ 14. As a result, Meta could pursue its own claim against J.B. Hunt for the uncompensated $250,000 per shipment. If both Meta and National Union sued J.B. Hunt, Meta would be entitled to recover its uncompensated loss before

---

[1] Additionally, as discussed below, even if the Court did consider whether the complaint stated a claim for equitable subrogation, dismissal would be appropriate because National Union did not plead facts sufficient to show that J.B. Hunt's conduct materially deviated from the contract.

National Union because the "insured . . . has a legal right to be made whole[.]" *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1119 (9th Cir. 2010) ("[T]he subrogation doctrine is founded upon the equitable principle that . . . it is fair to place the burden for any nonrecovery of damages on the insurer, whom the insured pays, and who is in a better position to bear the loss." (citation and quote marks omitted)).  Once Meta recovered its uncompensated loss, there would be nothing left under the $250,000 liability cap for National Union to recover because Meta would not be entitled to recover anything more.  *See Am. States Ins. Co.*, 202 Cal. App. 4th at 704; *see also Chandler*, 598 F.3d at 1120 ("Subrogation's primary purpose . . . is to prevent the insured from obtaining double recovery.").  Accordingly, as currently pleaded, National Union could not recover for equitable subrogation under the liability cap.

5.  If National Union intends to overcome the liability limitation under the material deviation doctrine, it must plead facts sufficient to show that the alleged breach was a material deviation from a "'separate, risk-related promise' in the . . . [c]ontract[.]" *Hanson v. Am. W. Airlines, Inc.*, 544 F. Supp. 2d 1038, 1042 (C.D. Cal. 2008).  As currently pleaded, the complaint does not meet this high standard.  The fact that the cargo did not reach its intended destination, *see* Compl. ¶ 7, is insufficient to invoke the material deviation doctrine, *see Hanson*, 544 F. Supp. 2d at 1042.  And the only other detailed factual allegation in the complaint concerning J.B. Hunt is that "Arvato Digital Services [], who was retained by Meta, used its own trackers . . . and did not allow access to JB Hunt to monitor alerts, which meant that JB Hunt could only check the location of the cargo at any given time."  Compl. ¶ 11, 6:25-27.  It is unclear from this allegation how J.B. Hunt breached its contract with Meta given that the conduct at issue concerned Arvato, a party that Meta – *not* J.B. Hunt – hired.  *See Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014) ("[T]he Court must be able generally to discern . . . what material obligation of the contract the defendant allegedly breached.").  Thus, the complaint does not plead facts that, if taken as true, would satisfy the material deviation doctrine.[2]

_____

[2] The Court does not consider whether Attachment C to the Statement of Work supports or precludes application of the material deviation doctrine because the document was improperly attached to National Union's opposition to the motion to dismiss, rather than to its complaint, and J.B. Hunt timely objected to its consideration.  *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.

United States District Court
Northern District of California

United States District Court
Northern District of California

6. Separately, J.B. Hunt's argument that National Union cannot recover prejudgment interest is unavailing at this time. "'[A] defendant's denial of liability does not make damages uncertain for purposes of [Cal. Civ. Code § 3287(a)]' . . . [a]nd 'where the amount of the plaintiff's claim can be determined by established market values or by computation,' that provision 'mandates an award of prejudgment interest.'" *U.S. Fid. & Guar. Co. v. Lee Invs. LLC*, 641 F.3d 1126, 1140 (9th Cir. 2011) (quoting *Wisper Corp. v. Cal. Com. Bank*, 49 Cal. App. 4th 948, 958 (1996)). National Union has sufficiently pleaded an ascertainable value for its damages. Compl. ¶ 17. At the motion to dismiss stage, the Court must accept this factual pleading as true. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2011) (per curiam) (citation omitted). If J.B. Hunt disputes National Union's calculation, it must raise that issue at a later stage of the litigation.

Accordingly, J.B. Hunt's motion to dismiss is GRANTED. National Union may file an amended complaint within 14 days of this Order. The parties are reminded that the moving party must meet and confer with the opposing party at least seven days before filing any motion. *See* Civil Standing Order § 8(A).

**IT IS SO ORDERED.**

Dated: January 22, 2026

Eumi K. Lee
United States District Judge

---

2005) (permitting courts "to take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" (citation omitted)); *see also* Ross Decl., Ex. A, ECF No. 34-1; Obj. to Evid., ECF No. 40 (objecting that Exhibit A was not properly authenticated).